UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20008-LENARD/Elfenbein

**JOSE PETERSEN,**
individually and on behalf of
others similarly situated,

      Plaintiff,

v.

**INK 477, LLC**, *et al.*,

      Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**

**THIS CAUSE** is before the Court[1] on Plaintiff Jose Petersen's Motion to Strike Defendants' Expert Disclosures (the "Motion"). *See* ECF No. [68]. In the Motion, Plaintiff asks the Court "to exclude the putative expert witness recently disclosed by" Defendants Ink 477, LLC and Grove Ink, LLC "in their 'Defendants Expert Disclosure.'" *See* ECF No. [68] at 7. Specifically, Plaintiff argues that the expert's report "does not include" the "'facts or data considered by the witness,'" as Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires. *See* ECF No. [68] at 7. For the reasons explained below, the Motion, **ECF No. [68]**, is **DENIED**.

**I.    BACKGROUND**

This lawsuit arises out of a former employment relationship between Plaintiff and Defendants. *See generally* ECF No. [1]. Defendants are "Florida limited liability companies

---

[1] The Honorable Joan A. Lenard initially referred this case to me "for purposes of discovery and settlement." *See* ECF No. [23]. After the Parties consented to magistrate judge jurisdiction in the area of discovery, *see* ECF No. [37], Judge Lenard referred all "Motions concerning Discovery" to me "to take all necessary and proper action as required by law, and to render a final Order, as appropriate," *see* ECF No. [45]. Plaintiff's Motion to Strike, which is based on Defendants' alleged non-compliance with Federal Rule of Civil Procedure 26(a)(2), constitutes a motion concerning discovery, so it falls within the scope of that referral. *See* Fed. R. Civ. P. 26 (explaining the "general provisions governing discovery").

which together" own and operate "two related and adjacent hospitality establishments" that include a restaurant and a bar. *See* ECF No. [1] at 1, 3. During parts of 2022 and 2023, Plaintiff was "a wait staff server who worked for" Defendants' two hospitality establishments. *See* ECF No. [1] at 2; ECF No. [8-1].

On January 2, 2024, Plaintiff filed this lawsuit, broadly alleging that Defendants have "unlawful pay practices," failed "to pay statutory and common law wages and commissions," confiscated tips Plaintiff earned as a server, and retaliated against him for exercising his protected rights. *See* ECF No. [1] at 1. For himself and "on behalf of others similarly situated," he brings five claims. *See* ECF No. [1] at 4–13. Four of those claims allege violations of the Fair Labor Standards Act (Count I: retaliation; Count II: failure to pay overtime; Count IV: tip confiscation; Count V: minimum wage violation), while one claim alleges a violation of Florida common law (Count III: breach of agreement to pay). *See* ECF No. [1] at 4–13.

Relevant to the Court's analysis here is a pair of discovery disputes that arose between the Parties in October and November 2024. After holding a hearing on the first discovery dispute on October 11, 2024, *see* ECF No. [53]; ECF No. [60]; ECF No. [61], the Court issued a written order memorializing its oral rulings (the "First Discovery Order"), *see* ECF No. [65]. In the First Discovery Order, the Court directed Defendants to "produce whatever data they have that was used to complete" the "calculations reflecting how they distribute their tip pool and service charge pool." *See* ECF No. [65] at 4–5. The Court ordered Defendants to produce that data, along with any "amended responses, supplemental information, and relevant documents," no later than October 17, 2024. *See* ECF No. [65] at 7.

On October 18, Defendants filed their "Expert Disclosures," *see* ECF No. [67], as the Scheduling Order in this case required them to do, *see* ECF No. [43] at 2. Specifically, the

2

Scheduling Order required Defendants to "furnish an expert witness list to" Plaintiff, "along with the reports or summaries required by Rule 26(a)(2)," by October 18, 2024. *See* ECF No. [43] at 2. In their disclosure, they listed Christopher Nadeau ("Nadeau") as an expert in forensic accounting and valuation. *See* ECF No. [67] at 1. Defendants attached to their disclosure Nadeau's expert report, *see* ECF No. [67-1], which contained a "list of documents" he "reviewed in connection with the matter" as Appendix A, *see* ECF No. [67-1] at 1, 17–18. The actual documents Nadeau reviewed were not attached to his report or to Defendants' disclosure. *See generally* ECF No. [67]; ECF No. [67-1].

One week later, on October 25, 2024, Plaintiff filed the Motion. *See* ECF No. [68]. In the Motion, Plaintiff asserts that Nadeau's expert report and Appendix A refer to the documents Nadeau considered in reaching his opinion in vague ways that make it difficult to find them within Defendants' document production. *See* ECF No. [68] at 4–5. Plaintiff notes that some documents are described by reference to Bates stamps, while others have no Bates numbers. *See* ECF No. [68] at 4. Plaintiff also notes that some document descriptions "do not reliably match the description of documents produced in discovery." *See* ECF No. [68] at 4.

Plaintiff argues that identifying the relevant documents is made even more difficult because Defendants' document production is "not uniformly . . . provided in a searchable format" and because "many" documents were "not provided in discovery." *See* ECF No. [68] at 4. Plaintiff also argues that neither Rule 26 nor any other authority suggests "that a proponent of expert testimony, or the author of a report, should task the opposing party with hunting for the facts and data relied upon by the expert witness in order to finally collate a compliant report." *See* ECF No. [68] at 4–5. Based on his asserted difficulties in locating the documents Nadeau

3

reviewed, Plaintiff argues[2] that "Defendants' Expert Disclosure fails to comply with the Scheduling Order because the report attached thereto does not include 'the facts or data' analyzed by the witness." See ECF No. [68] at 6. Finally, Plaintiff notes Nadeau's report does not address the work eligibility of those who shared in the tip/service charge distributions, which relates to Plaintiff's allegation that the presence of ineligible workers invalidates the pool. See ECF No. [68] at 5–6.

Before Defendants filed a response to the Motion, the Court held another discovery hearing to resolve additional disputes between the Parties. See ECF No. [72]; ECF No. [73]. During that hearing, which occurred on November 4, Plaintiff argued Defendants were required "to produce the 31 documents" Nadeau "disclosed that he reviewed while preparing his report." See ECF No. [76] at 4. Plaintiff "pointed to language in Rule 26 — specifically, that an expert report "must contain . . . the facts and data considered" by the expert in forming his opinions, see Fed. R. Civ. P. 26(a)(2)(B) — to argue in essence that any documents the expert considered must be attached to the report and not just described and referenced in it." See ECF No. [76] at 5.

The Court disagreed with Plaintiff's reading of Rule 26, finding instead that it "does not require an expert report to attach all underlying documents considered by the expert in formulating opinions." See ECF No. [76] at 5. In a written order memorializing its oral rulings from the November 4 hearing (the "Second Discovery Order"), the Court explained "it is common litigation practice to provide an appendix listing the documents an expert relied upon," which Nadeau did here. See ECF No. [76] at 5. In fact, the Court noted that Defendants went a step beyond their Rule 26 obligations by sending Plaintiff "a separate file link containing" the

---

[2] Plaintiff also argues that Nadeau's expert report does not comply with the First Discovery Order, which he asserts "clearly require[d] that the same information be provided no later than October 17, 2024." See ECF No. [68] at 6. The Court does not address that argument because it separately resolved the Parties' dispute about the timeliness of Defendants' production at the November 4 hearing and in the written order memorializing the oral rulings from that hearing. See ECF No. [76] at 1–4.

4

documents contained in Appendix A on November 1, 2024. *See* ECF No. [76] at 5–6. For that reason, the Court found that "at a minimum, as of November 1, 2024, Defendants had provided all the data, documents, and information listed in Appendix A of the Expert Witness Report," so it denied Plaintiff's "Motion to Compel Compliance with Expert Witness Disclosure Requirements." *See* ECF No. [76] at 6.

A few days after the Court issued the Second Discovery Order, Defendants responded to the Motion. *See* ECF No. [80]. In their Response, Defendants argue "Rule 26(a)(2) does not require the expert to *produce* the items reviewed or relied on, but rather, solely to identify those items." *See* ECF No. [80] at 1–2. Defendants quote the Court's ruling in the Second Discovery Order that "Rule 26 does not require an expert report to attach all underlying documents considered by the expert in formulating opinions, nor does common litigation practice." *See* ECF No. [80] at 2 (quoting ECF No. [76] at 5). Defendants assert that Nadeau's report need not address the work eligibility of Plaintiff's coworkers because their "immigration status" is irrelevant to whether they are allowed to "participate in a service or tip pool or recover their wages under the Fair Labor Standards Act." *See* ECF No. [80] at 3. They argue that Nadeau's report properly focused on mathematics — particularly "the method of compensation, the data used to make the computations, the mathematical computation of the payment, and how the compensation was paid to the employee." *See* ECF No. [80] at 3.

In his Reply, Plaintiff argues that Defendants did not produce the discovery containing the documents Nadeau reviewed until November 1, which was after the due date in the First Discovery Order (October 17), the expert disclosure deadline in the Scheduling Order (October 18), and the filing of the Motion (October 25). *See* ECF No. [81] at 2–3. Plaintiff asserts "the necessary and Court-ordered documents" were not timely produced, and he speculates that those

documents "would not have been produced" at all if he had not filed the Motion.[3]  *See* ECF No. [81] at 3.  The Motion is now ripe for review.

## II.     LEGAL STANDARDS

A "party must disclose to the other parties the identity of any witness it may use at trial to present evidence" as an expert. *See* Fed. R. Civ. P. 26(a)(2)(A); Fed. R. Evid. 702. "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case."  *See* Fed. R. Civ. P. 26(a)(2)(B); *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).  The written expert report must contain six categories of information: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in

---

[3] Plaintiff also argues that "the expert report should be stricken as impertinent to any fact issue before the Court."  *See* ECF No. [81] at 3–5.  But Plaintiff did not include that argument in his initial memorandum in support of the Motion, *see generally* ECF No. [68], and Defendants did not raise it in their Response, *see generally* ECF No. [80], so the Court does not address it.  *See, e.g.*, S.D. Fla. L.R. 7.1(c)(1) (requiring that "reply memorandum" be "strictly limited to rebuttal of matters raised in the memorandum in opposition"); *Movie Prop Rentals LLC v. Kingdom of God Glob. Church*, No. 22-22594-CIV, 2024 WL 4215630, at *6 (S.D. Fla. Aug. 13, 2024) (holding that the plaintiffs' failure to "mention a request for affidavit costs in their initial Motion" was "determinative, given the Court's inability to consider new materials presented for the first time in the reply"); *Pearson v. Deutsche Bank AG*, No. 21-CV-22437, 2023 WL 6538553, at *3 (S.D. Fla. Oct. 6, 2023) (noting that "Plaintiffs' request to recover" a specific expense "was raised for the first time in reply" and holding that, "[s]ince Defendant has not had an opportunity to respond to that argument, Plaintiffs' request is procedurally improper and the Court declines to consider it"); *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, No. 09-20762-CIV, 2016 WL 3892428, at *2 (S.D. Fla. July 13, 2016) (noting that "Plaintiffs provided invoices documenting some of the costs with its reply memorandum" but that "the Court cannot consider new materials presented for the first time in the reply"); *cf. United States v. Campbell*, 26 F.4th 860, 871, 873 (11th Cir. 2022) (explaining that "[t]ypically, issues not raised in the initial brief on appeal are deemed abandoned"; "the mere failure to raise an issue in an initial brief on direct appeal should be treated as a forfeiture of the issue"; and before the court can consider a forfeited issue, it "must first find that" a "forfeiture exception[] applies and then decide whether the issue is extraordinary enough" to exercise its "discretion and excuse the forfeiture"); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Watkins v. Session*, No. 19-60810-CIV, 2023 WL 2302876, at *3 (S.D. Fla. Feb. 28, 2023) (holding that a plaintiff "forfeited" an argument not raised in his briefing).

the previous 10 years"; (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and (6) "a statement of the compensation to be paid for the study and testimony in the case." *See* Fed. R. Civ. P. 26(a)(2)(B).

"An expert report is deemed adequate when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1141 (S.D. Fla. 2016) (quotation marks omitted). "An expert report must be complete to the point where opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Mustafa v. United States*, No. 21-CV-20633, 2022 WL 18023327, at *3 (S.D. Fla. May 16, 2022) (quotation marks omitted).

"A party must make [expert] disclosures at the times and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(D). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *See Reese*, 527 F.3d at 1266 (quotation marks omitted). For that reason, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(C). Other potential sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

matters in evidence" and "striking pleadings in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii)–(iii).

Courts in this District routinely strike expert disclosures, reports, and testimony as a sanction for failure to comply with Rule 26(a). *See, e.g.*, *Brown*, 190 F. Supp. 3d at 1143 (excluding expert's opinion that Plaintiff suffered traumatic brain injury because the expert disclosure was incomplete and was not timely supplemented). And the Eleventh Circuit routinely affirms a district court's decision to strike expert disclosures, reports, and testimony as a sanction for failure to comply with Rule 26(a). *See, e.g.*, *Reese*, 527 F.3d at 1266 (affirming the exclusion of an expert's affidavit because the party's "failure to comply with Rule 26(a) was both unjustified and harmful to the defendants"); *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008) (affirming the exclusion of three expert witnesses because the disclosure reports for the witnesses did not comply with the requirements of Rule 26(a)(2)(B)); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (affirming the grant of a "Motion to Strike the bases in support of" expert testimony that were "first disclosed during and following the *Daubert* hearing and not specifically referred to earlier in the Rule 26(a) report or the deposition").

The reason the Rules permit — and courts impose or uphold — such significant sanctions for failing to adequately disclose an expert or an expert report is because the "expert disclosure rule is intended" to "prevent surprise" and "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *See Reese*, 527 F.3d at 1265–66. Even so, "Rule 26 does not require an expert to provide every scrap of paper with potential relevance to an expert's opinion." *See Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 6729362, at *7 (S.D. Fla. Nov. 16, 2020) (quotation marks

omitted). "Nor does Rule 26 require a party to disclose all of its expert's notes, calculations, and preliminary analysis." *Id.* (quotation marks omitted).

"Rule 26 merely requires the expert report to contain a statement of the data or other information considered by the witness in forming the opinions. The plain language of the Rule does not require the expert to attach the data or other information to the opinion." *Id.* (alteration adopted, quotation marks omitted). As a result, "it is justifiable to produce a summary of an expert's data which is detailed enough to provide the opposing party an opportunity to adequately cross examine the expert without providing all the raw data the expert looked at while coming to his opinion." *Id.* (alteration adopted, quotation marks omitted). As long as the expert report, including its list of documents reviewed, provides "notice to opposing counsel—before the deposition—as to what the expert witness will testify so as to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial," the "objectives of the expert discovery rules are not subverted" and Rule 26 is satisfied. *See id.* (quotation marks omitted).

### III. DISCUSSION

As noted above, the heart of Plaintiff's argument is that "Defendants' Expert Disclosure fails to comply with the Scheduling Order because the report attached thereto does not include 'the facts or data' analyzed by the witness." *See* ECF No. [68] at 6. Although Plaintiff acknowledges that Nadeau's report contains an appendix listing the documents he considered in forming his expert opinion, Plaintiff implies he had to "hunt[] for the facts and data" Nadeau "relied upon" to "collate a compliant report" himself. *See* ECF No. [68] at 4–5. As he did during the November 4 hearing, Plaintiff essentially argues that Rule 26 requires that any documents the expert considered be attached to the report and not just described and referenced

9

in it. *See* ECF No. [68] at 4–6; ECF No. [76] at 5.

Unsurprisingly, like it did during the November 4 hearing, the Court disagrees. Rule 26 does not require an expert report to attach all underlying documents considered by the expert in formulating opinions. *See* Fed. R. Civ. P. 26(a)(2)(B); ECF No. [76] at 5. While the Court acknowledges that the relevant text in Rule 26 — that an expert report "contain . . . the facts or data considered by the witness in forming them," Fed. R. Civ. P. 26(a)(2)(B)(ii) — could be read to support Plaintiff's position, the reality is that the language has not been interpreted that way. *See Kleiman*, 2020 WL 6729362, at *7. Instead, courts have held that "Rule 26 merely requires the expert report to contain a statement of the data or other information considered by the witness in forming the opinions. The plain language of the Rule does not require the expert to attach the data or other information to the opinion." *Id.* (alteration adopted, quotation marks omitted).

This Court held exactly that in the Second Discovery Order. *See* ECF No. [76] at 5. Indeed, the Court explained that "it is common litigation practice to provide an appendix listing the documents an expert relied upon," not to attach the documents to the report. *See* ECF No. [76] at 5. Nadeau's report provided the correct kind of appendix, and that was all he needed to do to satisfy Rule 26(a)(2)(B)(ii). *See Kleiman*, 2020 WL 6729362, at *7. He was not also required to provide "all the raw data" he "looked at while coming to his opinion," *see Kleiman*, 2020 WL 6729362, at *7 (quotation marks omitted), although Defendants did take a step in that direction by sending Plaintiff a file link containing the documents contained in Nadeau's Appendix A, *see* ECF No. [76] at 5–6. And, the reality is that regardless of whether Rule 26(a)(2)(B)(ii) requires the production of all facts and data upon which an expert relied, Plaintiff received the file link containing the documents outlined in Appendix A as early as November 1, 2024, which was about five weeks before the close of expert witness discovery and six months

before trial, giving Plaintiff ample notice of Nadeau's opinions, including all facts and data upon which he relied.[4]  For all the reasons explained above, Plaintiff's Motion to Strike Defendants' Expert Disclosures, **ECF No. [68]**, is **DENIED**.[5]

**DONE AND ORDERED** in Chambers in Miami, Florida on March 19, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record

---

[4] In the Motion, Plaintiff notes Nadeau's report does not address the work eligibility of those who shared in the tip/service charge distributions, which relates to Plaintiff's allegation that the presence of ineligible workers invalidates the pool.  *See* ECF No. [68] at 5-6.  It is unclear to the Court whether Plaintiff seeks to strike Nadeau's report on this independent basis.  If so, Plaintiff does not elaborate on this argument or provide any citations to any case law or other authorities to support the argument that the expert report should be stricken on this basis.  To the extent Plaintiff believes this is a short coming in Nadeau's analysis or opinions, that is more appropriately addressed by cross-examination at trial rather than by striking the expert report.

[5] Plaintiff speculates that Defendants ultimately produced the relevant documents only because Plaintiff filed the Motion, *see* ECF No. [81] at 3, but he provides no evidence in support of that supposition, so the Court does not address it.